UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
STEVEN R. HINZ,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    Civil Action No. 14-1537 (RBW)
                                   )
UNITED STATES                      )
DEPARTMENT OF TREASURY *et al.*,   )
                                   )
        Defendants.                )
_____)

**MEMORANDUM OPINION**

The plaintiff, proceeding *pro se*, sues the United States Department of Treasury, the Internal Revenue Service, and officials of both entities. *See* caption of the Complaint ("Compl."). However, the complaint is difficult to follow. For example, the plaintiff confusingly represents that he seeks to "flesh out truth and shut down an ongoing falsification of official records fraud-like event and false allegation of illegal tax return preparer acts claimed to involve IRS and treasury secretary interests in protecting the IRS ability to collect taxes from at least 4-5 taxpayers and Hinz." Compl. ¶ 2 (capitalizations omitted).

Currently pending before the Court is the Defendants' Motion to Dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 9. On November 25, 2014, the Court informed the plaintiff about his obligation to oppose the motion and the potential consequence of dismissal if he failed to oppose the motion within the time provided by the Court. Nov. 25, 2014 Order, ECF No. 10. The initial deadline for the plaintiff's response was extended to April 8, 2015. *See* Feb. 2, 2015 Min. Order. On April 20, 2015, the

Clerk of Court docketed the plaintiff's untitled document as a "Civil Statement," ECF No. 14. In that document, the plaintiff states that he "made a mistake in the filing of the complaint in this matter" and is "compelled to make the corrections." Pl.'s Stmt. at 1. He then indicates that he intends "to convert [his] complaint under the Privacy Act of 1974 to a claim under the Trading With the Enemy Act of 1917 . . ., the Settlement of War Claims Act . . .[,] and Rule 9(h) of the Federal Rules of Procedure and enjoin the United States Attorney General . . . in [her] capacity as the custodian of the Alien Property." *Id*. at 1-2. But the plaintiff has not filed a motion to amend the complaint "accompanied by an original of the proposed [amended] pleading," LCvR 7(i), and thus his intended new claims are not before the Court and cannot be addressed.

In accordance with the November 25, 2014 Order, the Court will grant the defendants' motion as conceded and dismiss this case.[1] *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating a motion as conceded, [the Court of Appeals] honor[s] its enforcement" of Local Civil Rule 7(b)); *accord Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004); *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997).

                                                _____s/_____
                                                Reggie B. Walton
DATE: September 21, 2015                 United States District Judge

---

[1] A separate Order accompanies this Memorandum Opinion.